**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1961**

---

SYLVIA E. NOFSINGER,

       Plaintiff - Appellant,

    v.

VIRGINIA COMMONWEALTH UNIVERSITY; E. DOUGLAS BOUDINOT, Dean,
School of Graduate Studies; CECIL B. DRAIN, Dean, School of
Allied Health Professions; THOMAS P. MAYHEW, Chair and
Associate Professor, Department of Physical Therapy; U. S.
PHYSICAL THERAPY, INC.,

       Defendants - Appellees,

    and

LISA D. SHOAF, Associate Professor, Department of Physical
Therapy; EMMA WHEELER, Assistant Professor, Chair of
Admissions,

       Defendants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. James R. Spencer, District
Judge. (3:12-cv-00236-JRS)

---

Submitted: February 28, 2013      Decided: April 2, 2013

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Sylvia E. Nofsinger, Appellant Pro Se. Martha Murphey Parrish, Assistant Attorney General, Catherine Crooks Hill, Christy Monolo, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Annemarie DiNardo Cleary, Douglas P. Rucker, Jr., SANDS ANDERSON, PC, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvia E. Nofsinger appeals the district court's order granting Defendants' motions to dismiss her complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Nofsinger's claims relate to her dismissal from the Virginia Commonwealth University ("VCU") graduate physical therapy program. Pursuant to an affiliation agreement between VCU and U.S. Physical Therapy, Inc. ("USPT"), Nofsinger enrolled in a required clinical instruction course conducted by a USPT employee. After receiving a failing clinical grade and subsequent dismissal from VCU, Nofsinger filed a complaint against VCU, USPT, and five individual VCU faculty members. For the reasons that follow, we affirm.

We review de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to

3

plausible.'" Aziz, 658 F.3d at 391 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Nofsinger argues that the district court erred in denying her due process claim. Generally, a due process claim requires a two-part analysis: "whether [the plaintiff] was deprived of a protected interest and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). Our review of the record establishes that Nofsinger failed to allege a protected property interest in her continued enrollment in VCU's graduate program and that, in any event, VCU afforded Nofsinger sufficient procedural process.

Nofsinger also appeals the district court's denial of her equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires "that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Nofsinger reasserts her arguments that VCU treated her differently from several similarly situated students and dismissed her from the graduate program based on personal animus harbored against her

4

by the individual defendants. We conclude that the district court correctly found that Nofsinger failed to specify how the alleged students were similarly situated and, furthermore, failed to establish that any differential treatment was the result of discrimination.

Nofsinger also appeals the district court's dismissal of her breach of contract claim against USPT. Nofsinger alleges that she was an intended third party beneficiary of the affiliation agreement between VCU and USPT, asserting that USPT breached several provisions of the contract. Because the district court correctly found that USPT did not make the ultimate decisions to assign Nofsinger a failing grade or to dismiss her from the VCU graduate program, we conclude that the district court correctly dismissed this claim.

Finally, Nofsinger asserts breach of contract claims against VCU and the individual defendants. Because Nofsinger did not allege a breach of contract claim against the individual defendants in the district court, we conclude that Nofsinger may not now pursue this claim in this court. Nofsinger also challenges the district court's determination that her contract claims against VCU are barred by the Eleventh Amendment. "The existence of sovereign immunity is a question of law" reviewed de novo. S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 332 (4th Cir. 2008). "In the absence of consent a suit in which the

State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986) (internal quotation marks and citations omitted). Because VCU did not consent to suit, the district court properly dismissed Nofsinger's contract claims against VCU as barred by the Eleventh Amendment.

Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED